

mwe.com

Paul W. Hughes
Attorney at Law
phughes@mwe.com
202 756 8000

November 10, 2023

By CM/ECF

Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *Nat'l Ass'n of Mfrs. v. SEC*, No. 22-51069

Dear Mr. Cayce:

    I write in response to the SEC's letter citing *Chamber of Commerce v. SEC*, No. 23-60255 (5th Cir. Oct. 31, 2023). *Chamber*—which held that an SEC rule *was substantively unlawful* because its "primary benefit … is inadequately substantiated" (Op. 24-25), just as we argue here—hardly helps the agency.

    On procedure, *Chamber* merely states the bare minimum requirement: The APA "*generally* requires only" thirty days for comment (Op. 25 (emphasis added)). *Compare* NAM Br. 47 (citing the same cases relied on by *Chamber*). It then upheld a *45-day* comment period. Op. 3, 25-26. *Chamber* involved none of the special circumstances here, including that the 31-day comment period was functionally *shorter* than thirty days because it spanned the holidays, and that the rule rescinded here had involved a much longer comment period and garnered ten times as many comments as the rescission—both of which prior courts have found instructive. NAM Br. 46-52. *Chamber* did not hold that 30 days, no matter the circumstances, is always sufficient.

    *Chamber* also does not suggest that the SEC could permissibly disregard requests from commenters for more time to submit relevant data. *Cf.* Op. 18 (quoting *Huawei Techs. USA, Inc. v. FCC*, 2 F.4th 421, 453-454 (5th Cir. 2021)). That an agency need not "conduct or commission its own empirical or statistical studies to confirm or reject … speculative costs identified by comments" that are "asserted without evidence" (*Huawei*, 2 F.4th at 453-454) is beside the point here, where the Chamber asked for more time specifically to allow it *to collect* the needed data.

    Finally, the Court's decision to remand without vacatur in *Chamber*—notably, with a strict 30-day deadline and while retaining jurisdiction (Op. 26)—is no reason to order anything other than the "default,



500 North Capitol Street, N.W.   Washington D.C. 20001   Telephone 202 756 8000   Facsimile 202 756 8087

*U.S. practice conducted through McDermott Will & Emery LLP*



Lyle W. Cayce, Clerk
November 10, 2023
Page 2

… remedy" of "remand *with* vacatur" here. *Texas v. Biden*, 20 F.4th 928, 1000 (5th Cir. 2021). As we explained, even the post-hoc justifications offered by the SEC on appeal are deficient; accordingly, this is *not* a case where the agency can simply supply better reasons on remand. Reply Br. 27-28.

Sincerely,

*/s/ Paul W. Hughes*
Paul W. Hughes
*McDermott Will & Emery LLP*
*500 North Capitol Street NW*
*Washington, DC 20001*
*(202) 756-8000*